YUDELMAN v. LOUIS.

(Supreme Court, Appellate Term.  March 5, 1909.)

LANDLORD AND TENANT (§ 269*)—RETENTION BY LANDLORD OF THIRD PERSON'S PROPERTY FOR NONPAYMENT OF RENT.

One loaning articles to another, who placed them for a special purpose on premises rented from a third person, is entitled to their return or their value; and the landlord, ignorant of the ownership of the articles, cannot justify a refusal to return them on demand because of nonpayment of rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1084; Dec. Dig. § 269.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Yudelman against Jacob Louis. From a judgment for defendant, rendered in the Municipal Court, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Morris A. Rabinovitch, for appellant.

PER CURIAM.  Action in conversion to recover $150, the alleged value of a scroll and other religious articles loaned by plaintiff to Mr. Potschin, and placed by the latter in defendant's premises for the purpose of ceremonies; Potschin agreeing to pay defendant $150 for the premises during a specified period. Defendant was paid $25 on account, but the ceremonies did not transpire.

The evidence was problematical as to the actual value of these articles, which had been in use about six years. Plaintiff testified as to their cost. No market value was shown. A sexton testified that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

articles were "worth" about the sums claimed by plaintiff. As to the "scroll" defendant testified:

"It lays there in the office; valueless things. I wouldn't give $5 for it. Three parties came for the scroll."

The trial judge found for the defendant. That the property belonged to the plaintiff was undisputed; but that defendant did not know that fact is also undisputed. The evidence justifies the conclusion that demand for the articles was made by plaintiff, and refused, because of the nonpayment of rent by Potschin. Plaintiff is entitled to a return of the articles, or their value at the time of the trial,

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.